Littleton, Judge,
delivered the opinion of the court:
The controversy in this case relates to' the taxability of $69,893.95, being the amount of withdrawals by plaintiff from the business which existed as a partnership but which elected to be¡ taxed as a corporation, effective January 1, 1921, under section 229 of the Kevenue Act of 1921.
From at least November 1, 1920, to March 17, 1922, plaintiff was a member of a partnership in which he held a 40-percent interest. The partnership was incorporated March 17, 1922, and apparently plaintiff, as well as the *101 other partners, had the same relative interests therein as in the prior partnership. Plaintiff followed the calendar-year basis, whereas the partnership had a fiscal year ending October 31, and returns were filed on those respective bases. Inasmuch as the business as carried on by the partnership was incorporated within four months after the passage of the Revenue Act of 1921, the partners exercised the option contained in section 229 of that act of having the net income of the partnership from January 1, 1921, to March 17, 1922, the date of incorporation, taxed as net income of a corporation.
The net income of the partnership for the fiscal year ending October 31, 1921, was $760,034.15, of which $126,672.36 was applicable to November and December 1920, and the balance, $633,361.79, to the period January 1 to October 31, 1921. Plaintiff’s share of the partnership profits for November and December 1920 was $50,668.94, this amount being 40 percent of $126,672.36. The net income of the partnership for the fiscal year ending October 31, 1921, was accounted for in returns as follows: The partnership filed a partnership return for the fiscal year ending October 31, 1921, and included therein its income for November and December 1920. It also filed a corporation return designated as for the fiscal year ending October 31, 1921, in which the income of the partnership was included for the period January 1 to October 31, 1921, to be taxed as corporate income under the election or option provision of section 229. Plaintiff being on the calendar-year basis filed a return for the calendar year 1921 in which he included his share of the income of the partnership for November and December 1920 which had been reported in the partnership return designated for the fiscal year ending October 31, 1921, that is, ending within plaintiff’s calendar year.
Upon an audit of plaintiff’s return for 1921, together with the partnership and corporation returns referred to above, the Commissioner made minor adjustments in income about which no complaint is made and also increased plaintiff’s income for that year by $69,893.95, the amount of withdrawals by plaintiff from the partnership during the period *102 March. 1 to October 31, 1921, in excess of bis salary. Plaintiff complains of this increase in his taxable income for 1921 on the grounds hereinbefore mentioned.
Section 229 of the 1921 act, under which plaintiff and the other partners exercised the option to have the income of the partnership taxed as corporate income, provides that “ the net income * * * of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1921, and the undistributed profits or earnings of such trade or business shall not be subject to the surtaxes imposed in section 211, but amounts distributed on and after January 1, 1981, from the earnings or profits of such trade or business aeoumulaied after December SI, 1980, shall be tawed to the recipients as dimidendsP (Italics ours.) The total net income of the partnership for the period January 1 to October 31,1921, was $633,361.79, and, since plaintiff had a 40-percent interest, his share thereof was $253,344.72. Had plaintiff and the other partners not exercised their option to have the tax of the business computed under section 229, plaintiff would have been taxed on the entire amount of $253,344.72, in addition to the $50,668.94 which he included in his return, whether or not the partnership distributed such amounts to him, section 218 (a) of the Eevenue Act of 1921. However, inasmuch as the partnership had exercised the option to have the profits of the business on and after January 1, 1921, taxed on a corporate basis, the Commissioner did not attempt to tax the undistributed profits of the partnership but rather sought to tax as dividends only the “ amounts distributed on and after January 1,1921, from the earnings or profits of such trade or business accumulated after December 31, 1920.” A small amount in excess of his salary was withdrawn during January and February 1921 (set out in the stipulated facts as $9,254.61 withdrawn by the three partners and treated by plaintiff’s counsel as an amount withdrawn by plaintiff), but none of that amount was taxed as a dividend distribution in 1921 from 1921 earnings but was considered as a distribution from earnings accumulated during preceding taxable years as provided by section 201 (f) of the Eevenue Act of 1921. During the remaining *103 eight months of the ten-month period for which the prior partnership business was taxed as a corporation, namely, from March 1 to October 31, 1921, plaintiff withdrew from the business $69,893.95 in excess of his salary, and the Commissioner taxed that amount as a dividend distribution made from earnings accumulated after December 31, 1920. From the evidence of record we find no error in this action. Plaintiff’s share of the earnings during the period for which the withdrawals were made was much in excess of the withdrawals made by him. If, instead of withdrawals from a partnership, the amount had been í'eceived as a dividend distribution by a corporation, it would have been taxable as a dividend out of earnings accumulated during that period regardless of the account to which the dividend was charged, section 201 (b) and (f), Kevenue Act of 1921. The plain language of section 229 places a distribution by a partnership which elects to be taxed as a corporation in the same category as a dividend by a corporation. It is immaterial that there might have been surplus on hand at the time, regardless of how or when created, in addition to earnings accumulated during the period. The fact that the current earnings were in excess of withdrawals is controlling and makes that the source from which the withdrawal will be considered to have been taken. This, it will be seen, is not a tax on a withdrawal of capital, as plaintiff contends, but a tax on a distribution of current earnings in the same manner as a dividend distribution would be taxed under similar circumstances if the corporation had in fact been in existence on and prior to January 1, 1921.
Nor can we find merit in plaintiff’s further contention that the amount of $69,893.95 should not be taxed in its entirety because “ $50,668.94 of such earnings are already included in the plaintiff’s return as constructively received.” Admittedly the latter amount was included in plaintiff’s return for 1921 even though only a small part of it had actually been received by him, but that was done because it was his share of partnership earnings for the months of November and December 1920, which was included in the partnership return for that part of the partnership fiscal year ending Oc *104 tober 31,1921, and which was not taxed on a corporate basis. Without changing the statute we are unable to see how plaintiff’s share of the partnership income for November and December 1920 could have been accounted for otherwise in plaintiff’s return for 1921. Apparently the partnership was in existence and operating on a fiscal-year basis for the fiscal year ending October 31, 1920, whereas plaintiff was on a calendar-year basis for 1920. Plaintiff’s full share of the partnership income for the fiscal year ending October 31, 1920, was required to be included in his return for the calendar year 1920 whether distributed to him or not. We find no basis, therefore, for adding plaintiff’s share of the partnership income for November and December 1920 to a full year’s share of partnership income which has already been included in his return for 1920. To do so would require the inclusion of fourteen months’ income in such return, which is contrary to one of the basic principles on which income-tax returns are filed and is to be avoided wherever possible. Section 229 contains no provision from which it can be said that there was any intention to exclude from the partnership return any partnership income accruing prior to the taxable period when the partners elected to have the business taxed as a corporation. Since it is clear that plaintiff’s share of the partnership income for November and December 1920, falling within the partnership’s taxable year ending October 31, 1921, should be taxed as partnership income, we are of opinion it was properly included as such in his return for the calendar year 1921.
It is immaterial that a portion of the income of the partnership for its taxable year ending October 31, 1921, may later, when the business is incorporated, be taxed as a corporate distribution or dividend. It is sufficient to point out that the $90,668.94 was taxed as partnership income which was earned during the months of November and December 1920, the first two months of its fiscal year, even though all of it was not distributed to plaintiff, whereas the $69,893.95 was a distribution from earnings created during the period March 1 to October 31, 1921 (not a distribution of the $50,-668.94 accumulated during November and December 1920), *105 and, therefore, properly taxable as a corporate distribution. Such a method of accounting for and taxing plaintiff’s share of the partnership earnings for the fiscal year ending October 31, 1921, does not result, under the taxing statute, in either a tax on a withdrawal of capital or a duplication of tax on the same income.
The petition must be dismissed. It is so ordered.
Whaley, Judge,; Williams, Judge; GreeN, Judge; and. Booth, Chief Justice, concur.